UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR KARL DANIEL STIEGMAN, individually,
and on behalf of a Class of all others similarly situated,

                       Plaintiff,

                                                                      1:19-CV-0018
v.                                                                 (GTS/CFH)

NEW YORK STATE OFFICE OF INFORMATION
TECHNOLOGY SERVICES,

                       Defendant.
_____

APPEARANCES:

VIKTOR KARL DANIEL STIEGMAN
  Plaintiff, *Pro Se*
P.O. Box 133
Clifton Park, New York 12065

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Victor Karl Daniel Stiegman, individually and on behalf of a Class of all others similarly situated ("Plaintiff"), against the New York State Office of Information Technology Services ("NYSOITS" or "Defendant"), are the following: (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that certain of Plaintiff's claims be dismissed with prejudice and that certain claims be dismissed without prejudice and with leave to amend; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 5, 10.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not,

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

The Court begins its analysis by finding that Plaintiff's Objection is without effect because it is untimely, having been filed on July 11, 2019, three days after the Objection-filing deadline of July 8, 2019.  (*Compare* Dkt. No. 9 [Text Order of 06/14/2019 setting *twice-extended* filing deadline as 07/08/2019] *with* Dkt. No. 10 [Objection filed 07/11/2019].)  Plaintiff's reliance on an oral "confirm[ation]" by an unidentified member of the Clerk's Office that "an additional three (3) calendar days may be added to due date [sic] to serve any objections to the R&R, since service occurred by mail" (Dkt. No. 10, at 2) is misplaced: the three-day period (correctly) referenced by Clerk's Office had clearly already been added to the due date for service of Plaintiff's Objections.  This fact was expressly stated in the Report-Recommendation.  (Dkt.

---

J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

No. 5, at 27, n.11.)[5]  The deadline was as stated by Magistrate Judge Hummel: July 8, 2019. The Court notes that special solicitude does not excuse violations of procedural rules.[6]  In any event, the Court finds that Plaintiff not entitled to the full measure of special solicitude because his Complaint and Objections (which are typed, organized and properly formatted, complete with legal citations in accordance with the *Bluebook*) appear to have been prepared with the assistance of counsel.

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.  Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court would add only that it would reach the same conclusion even if it were to subject the

---

[5]     The fact was also expressly stated on the Docket Sheet.  (Docket Entry dated 04/22/2019 [stating that "Objections to R&R due by 5/9/2019," which was *17 days* from the date of issuance of the Report-Recommendation].)  The Court notes that the Docket Sheet was served on Plaintiff by regular mail on 05/01/2019 and 06/14/2019.  (Notices of Electronic Filings dated 05/01/2019 and 06/14/2019 [both stating "Copy [of Docket Sheet] served via regular mail"].)

[6]     *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural . . . law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (stating that *pro se* status "does not exempt a party from compliance with relevant rules of procedural . . . law"); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural . . . law.").

Report-Recommendation to a de novo review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims are **DISMISSED** with prejudice:

(1) Plaintiff's claim against Defendant under the Americans with Disabilities Act;

(2) Plaintiff's claim under the Age Discrimination in Employment Act;

(3) Plaintiff's claim under the Fair Labor Standards Act;

(4) Plaintiff's claim under the Fifth Amendment; and

(5) Plaintiff's request for punitive damages under Section 504 of the Rehabilitation Act; and it is further

**ORDERED** that the following claims **are DISMISSED without prejudice and with leave to amend within THIRTY (30) DAYS** of the date of this Decision and Order in accordance with note 10 of the Report-Recommendation:

(1) Plaintiff's claim under the Americans with Disabilities Act insofar as Plaintiff wishes to amend to name individual officers in their official capacities for prospective injunctive relief only;

(2) Plaintiff's claim under the First Amendment;

(3) Plaintiff's claim under the Ninth Amendment;

(4) Plaintiff's claim under the Fourteenth Amendment;

(5) Plaintiff's claim for conspiracy pursuant to 42 U.S.C. § 1985; and it is further

**ORDERED** that Plaintiff's claim pursuant to Section 504 of the Rehabilitation Act

**SURVIVES** the Court's *sua sponte* review of his Complaint (excepting any request thereunder seeking punitive damages) but that no summons be issued or served on that claim until after the deadline for an Amended Complaint has expired; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within thirty (30) days of the date of this Decision and Order, the Amended Complaint shall be referred to Magistrate Judge Hummel for review pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that, should Plaintiff *fail* to file an Amended Complaint within thirty (30) days of the date of this Decision and Order, the above-listed dismissals without prejudice shall be converted to dismissals *with* prejudice without further Order of the Court, and the Clerk of the Court shall return this case to Magistrate Judge Hummel for the issuance of summons and the original Complaint on Defendant as to Plaintiff's claim pursuant to Section 504 of the Rehabilitation Act.

Dated: September 27, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge