UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR KARL DANIEL STIEGMAN,

                       Plaintiff,
                                                          1:19-CV-0018
v.                                                           (GTS/CFH)

NEW YORK STATE OFFICE OF INFORMATION
TECHNOLOGY SERVICES,

                       Defendant.
_____

APPEARANCES:                                                         OF COUNSEL:

VICTOR KARL DANIEL STIEGMAN
  Plaintiff, *Pro Se*
P.O. Box 13031
Prescott, AZ 86304

HON. LETITIA A. JAMES                                KASEY K. HILDONEN, ESQ.
Attorney General of the State of New York         Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this employment discrimination action filed by Victor Karl Daniel Stiegman ("Plaintiff") against the New York State Office of Information Technology Services ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for failure to comply with orders of the Court under Fed. R. Civ. P. 41(b) and 37(b)(2)(A)(v). (Dkt. No. 115.) For the reasons set forth below, Defendant's motion is granted, and Plaintiff's Complaint is dismissed.

I.      **RELEVANT BACKGROUND**

Generally, in support of its motion, Defendant argues as follows: (1) Plaintiff has failed to comply with two discovery orders issued by U.S. Magistrate Judge Christian F. Hummel (i.e., Magistrate Judge Hummel's order of December 15, 2021, to answer relevant questions during his deposition, and Magistrate Judge Hummel's order of January 13, 2022, to disclose his pay stub records); (2) Plaintiff was put on notice that his failure to comply with the Court's discovery orders could result in dismissal (e.g., through Magistrate Judge Hummel's oral warnings to him on May 20, 2021, and December 15, 2021); (3) Defendant has suffered prejudice as a result of Plaintiff's conduct and will continue to do so if this action is not dismissed, because Defendant needs the missing deposition testimony and discovery to defend itself against Plaintiff's claims, and a further delay may negatively impact witnesses' memories and the preservation of documentary evidence; (4) Plaintiff has repeatedly been afforded an opportunity to be heard, and has availed himself of that opportunity; (5) lesser sanctions (such as another warning) would be fruitless, because Plaintiff has failed to be deterred by such warnings; and (6) should the Court determine that dismissal of this action is not an appropriate sanction, the Court should either preclude Plaintiff from entering evidence at trial or set a conference with the Court to establish deadlines for compliance (and a renewed dispositive motion). (Dkt. No. 115, Attach. 11.)

Generally, in response to Defendant's motion, Plaintiff has submitted a one-page letter swearing that, on January 13, 2022, he provided Defendant with the following documentation:

> 1) business tax return; 2) business bank statements; 3) employment application activities; 4) unemployment insurance compensation; 4) medical, psychological, and psychiatric calculations; 5) medication calculations; 6) medical transportation calculations; 7) student loan capitalized interest and late fees; and, 8) total damages claimed by the Plaintiff.

(Dkt. No. 119 [Plf.'s Letter-Opp'n].) Plaintiff's response has not attached copies of any documents. (*Id*.) Instead, Plaintiff's response argues that Defendant "continues to remain unresponsive to the Plaintiff's First Request for Production [of Documents] . . . ." (*Id*.)

Generally, in reply, Defendant argues that Plaintiff's response neither addresses the arguments asserted by Defendant nor provides the missing information (which includes records reflecting his claim for damages in the form of medical bills). (Dkt. No. 121 [Def.'s Reply Letter-Brief].) Instead, argues Defendant, the documentation referenced by Plaintiff in his response was both self-created and non-responsive to Magistrate Judge Hummel's directive. (*Id*. [citing Dkt. No. 115, Attach. 10].) Finally, Defendant argues that Plaintiff's contention about its own unresponsiveness is irrelevant, factually incorrect, and moot. (*Id*.)

## II. RELEVANT LEGAL STANDARD

The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute and/or failure to obey a court order under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

### III.    ANALYSIS

#### A.    Duration of Failures

With regard to the first factor, the Court finds that the duration of Plaintiff's failure has been at least seven months. On August 25, 2021, Magistrate Judge Hummel ordered Plaintiff to answer questions during his deposition regarding "[his] current employment and [his] current wages." (*See* Dkt. No. 115, Attach. 4, at 60-61 ["Mr. Stiegman, you can object to a question, but ***you still have to answer the question***, reserving your right to object to the use of the testimony or the information at trial. For example, to the extent that you, in your case, are making a claim for lost wages, Ms. Hildonen has the right to question you regarding your current employment and your current wages. That would go to any claim for damages you might have. . . . So to the – to the extent you think a question is improper, put your objection on the record, say I object to the question, for example, I don't like the way in which it's worded, I find the question confusing, and ***then answer the question***, and we'll address those issues for you when this matter reaches trial."] [emphasis added].)

However, Plaintiff did not do so. (*See* Dkt. No. 115, Attach. 4, at 198-99 ["Q. What is the nature of the work that you're currently doing for Schwartzman – Schwartzman and Company? A. Consulting. Q. Consulting for what? A. I mean, respectfully, I'm going to have to object to this question. . . . Q. And who do they consult for? A. That's confidential."].)

As a result, on December 15, 2021, an additional deposition occurred, at which Magistrate Judge Hummel renewed his order. (*See* Dkt. No. 115, Attach. 5, at 17-18 ["You recall, Mr. Stiegman, at the last conference we spent an inordinate amount of time me asking you questions about where you worked. Based upon that and the fact ***you had not disclosed your employment history***, I directed that an additional one hour deposition be done which Ms.

4

Hildonen could question you regarding your medical records and your employment history. . . . Well, Mr. Stiegman, ***I'm directing that you answer the questions posed by Ms. Hildonen*** reserving your right to object to the questions being used at any trial in this matter before Chief Judge Sutterby [phonetic spelling] thereby preserving all of your rights in this matter. . . . If you have any objections, Mr. Stiegman, note your objection on the record and ***then answer the question***, do you understand that?"] [emphasis added].)

Again Plaintiff refused to comply. (*See* Dkt. No. 115, Attach. 5, at 21-31 [showing that Plaintiff responded, "Asked and answered," or words to that effect, 25 times in response to questions regarding his employment].) And again Magistrate Judge Hummel directed him to answer. (*See* Dkt. No. 115, Attach. 5, at 34 ["I direct you to answer these questions. If you continue to refuse to answer questions I'm either going to let Ms. Hildonen make a motion to dismiss your case based upon your failure to disclose [or] . . . I'm going to order you to appear in the Courthouse here in Albany one day next day for an in-person deposition so I can babysit you during the deposition."].) And again Plaintiff refused to comply. (*See* Dkt. No. 115, Attach. 5, at 37-38 [showing that Plaintiff refused to answer on the same grounds three more times].)[1]

Exacerbating this refusal is the fact that, on January 13, 2022, Magistrate Judge Hummel ordered Plaintiff to disclose both (1) all records reflecting any application for employment he has made since he left employment with Defendant in 2017, (2) all records reflecting his claim for damages in the form of medical bills, and (3) all bank statements for Schwartzman and Company

---

[1]   The Court finds that this failure was not remedied by Plaintiff's response to Magistrate Judge Hummel's questions on January 13, 2022. (Dkt. No. 121, Attach. 1.) Magistrate Judge Hummel's questions did not encompass all of permissible questions that defense counsel asked Plaintiff at his prior depositions. (*Compare* Dkt. No. 121, Attach. 1 *with* Dkt. No. 115, Attach. 4, at 198-99 *and* Dkt. No. 115, Attach. 5, at 21-31, 37-38.)

for the years 2020 and 2021. (Dkt. No. 121, Attach. 1, at 14-15, 18, 20-21, 24-26.) However, in response, Plaintiff either did not disclose the information or disclosed only a summary of it. (Dkt. No. 115, Attach. 10.)

Generally, durations of four months are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

As a result, the Court finds that this factor weighs in favor of granting Defendant's motion.

### B.      Notice that Further Delays Would Result in Dismissal

With regard to the second factor, the Court finds that Plaintiff clearly received adequate notice that the failures in question would result in dismissal of his action. In addition to the two examples of notice cited by Defendant in its motion papers, the Court relies on the following three forms of notice: (1) Plaintiff's Acknowledgment of Receipt of courtesy copy of page 45 of Pro Se Hanbook and Local Rule 41.2(a);[2] (2) Magistrate Judge Hummel's Text Order of August 31, 2021;[3] and (3) Magistrate Judge Hummel's Text Order of November 15, 2021.[4]

As a result, the Court finds that this factor weighs in favor of granting Defendant's motion.

---

[2]      (Dkt. No. 4, at 2 [dated Jan. 4, 2019].)

[3]      (Dkt. No. 105 ["Plaintiff is reminded that failing to attend conferences and comply with court orders may result in the imposition of sanctions including dismissal of this case."].)

[4]      (Dkt. No. 108 ["**Plaintiff's failure . . . to comply with court ordered deadlines may result in sanctions to include dismissal of this action**."] [emphasis in original].)

### C.      Prejudice to Defendant from Further Delay

With regard to the third factor, the Court agrees with Defendant that significant prejudice posed to Defendant by Plaintiff's failure is exacerbated by the age of the case and number of events giving rise to Plaintiff's claim. The events giving rise to this action occurred in 2017 and are numerous. (*See generally* Dkt. No. 1, Attach. 1, at ¶¶ 11, 17-138.) Moreover, the missing information (which regards damages) is similarly old and complicated.

Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Indeed, the Second Circuit has explained that prejudice to a defendant is presumed where there is an unreasonable delay. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982). Here, the Court finds that the delays have been unreasonable, as shown by the inadequacy (if not complete absence) of Plaintiff's explanation for them. (*See generally* Dkt. No. 115, Attach. 4; Dkt. No. 115, Attach. 5; Dkt. No. 119; Dkt. No. 121, Attach. 1.)

As a result, the Court finds that this factor weighs in favor of granting Defendant's motion.

### D. Balance Between Court Congestion and Fair Chance to Be Heard

With regard to the fourth factor, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.

Plaintiff has had more than three years (since January 4, 2019) to be heard on his claims. Moreover, he has had at least three chances to orally explain the reasons for his delay to Magistrate Judge Hummel.

Balanced against any further need to be heard that Plaintiff has is the significant congestion being experienced by the Court (which has had an open district court seat for six years). In particular, as of the date of this Decision and Order, the undersigned has pending before him 199 civil cases, 70 criminal cases (involving 99 criminal defendants), and 75 motions.

As a result, the Court finds that this factor weighs in favor of granting Defendant's motion.

### E. Efficacy of Lesser Sanctions

Given the prior warnings that have been given to Plaintiff and ignored by him, the Court easily finds that another warning would be futile. Similarly, given Plaintiff's testimony of a current lack of income (*see, e.g.,* Dkt. No. 121, Attach. 1, at 9-10), the Court also finds that monetary sanctions would be inappropriate. The only appropriate sanction other than dismissal that the Court can conceive of would be an order precluding Plaintiff from adducing any evidence of damages at trial.[5]

---

[5] The Court notes that Plaintiff's request for punitive damages under Section 504 of the Rehabilitation Act was previously dismissed. (Dkt. No. 11, at 6.)

Of course, such an order would not necessary prevent Plaintiff from (theoretically) obtaining a Pyrrhic victory at trial, given that damages are not an element of a claim under Section 504 of the Rehabilitation Act. *See, e.g., Lyons v. Legal Aid Soc.*, 68 F.3d 1512, 1515 (2d Cir. 1995) (setting forth elements of a claim for discrimination under Section 504 of the Rehabilitation Act). The problem is that Plaintiff has shown such a flagrant disregard for the Court's rulings[6] that the undersigned shudders to think how long it would take for this case to reach trial,[7] or (even if it reaches trial) how Plaintiff could possibly avoid causing a mistrial (even with the benefit of stand-by counsel).

Under the circumstances, the Court finds such a sanction would be wholly ineffective to curb Plaintiff's obstructive behavior, leaving only dismissal. *See Bobal v. Rensselaer Polytechnic Ins.*, 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of *pro se* complaint where plaintiff failed to appear at her own deposition); *Jones v. Niagara Frontier Transp.*, 836 F.2d 731, 735 (2d Cir. 1987) (affirming dismissal of complaint where plaintiff's president and sole shareholder "refused willfully and repeatedly to answer any questions at a court-ordered deposition"); *Buckingham v. Lewis Gen. Tires*, 809 F. App'x 34, 35 (2d Cir. 2020) (summary order) (affirming dismissal of *pro se* employment discrimination complaint where plaintiff willfully failed to comply with discovery orders and "obstructed a deposition that the court had ordered him to attend to answer questions about [a settlement] agreement").

---

[6]  Magistrate Judge Hummel has specifically found that Plaintiff is willfully "being difficult." (Dkt. No. 121, Attach. 1, at 26 ["Mr. Stiegman, let me try to make this simple for you. Frankly, I think you understand this. You are just being difficult."].) The Court notes that this finding was rendered 14 months after Plaintiff was chastised through receipt of a Bar Order. (Dkt. No. 91.)

[7]  The Court notes that this case is more than three years old, and motions for summary judgment have not yet been filed.

For all of these reasons, Defendant's motion is granted.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 115) is **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

<u>The Court certifies that an appeal from this Decision and Order would not be taken in good faith</u>.

Dated: March 31, 2022
       Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
Chief U.S. District Judge